**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **John Vernon Hardie, Jr.** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the **NORTHERN DISTRICT OF GEORGIA**

Case number: **21-10006**
(If known)

■ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.
**3.3**
**4.3**

# Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 41-2020, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 41-2020 as it may from time to time be amended or superseded.

## Part 1:    Notices

**To Debtor(s):**    This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:**    **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan, except 1.4.*

| § 1.1 | A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2 | ☐ Included | ■ Not Included |
|---|---|---|---|
| § 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4 | ☐ Included | ■ Not Included |
| § 1.3 | Nonstandard provisions, set out in Part 8. | ■ Included | ☐ Not Included |
| § 1.4 | The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4. | ☐ Included | ■ Not Included |

## Part 2:    Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims

**§ 2.1**    Regular Payments to the trustee; applicable commitment period.

| Debtor | John Vernon Hardie, Jr. | Case number | 21-10006 |
|---|---|---|---|

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

*Check one:*  ■ 36 months   ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay **$880.00** per month for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*
☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.)*:

### § 2.2   Regular Payments; method of payment.

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply:*
☐   Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

■   Debtor(s) will make payments directly to the trustee.

☐   Other (specify method of payment):

### § 2.3   Income tax refunds.

*Check one.*

■   Debtor(s) will retain any income tax refunds received during the pendency of the case.

☐   Debtor(s) will (1) supply the trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period for tax years _____, the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐   Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

### § 2.4   Additional Payments.

*Check one.*

■   **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

### § 2.5   [Intentionally omitted.]

### § 2.6   Disbursement of funds by trustee to holders of allowed claims.

**The trustee shall disburse funds in accordance with General Order No. 41-2020. (www.ganb.uscourts.gov/local-rules-and-orders)**

## Part 3:   Treatment of Secured Claims

### § 3.1   Maintenance of payments and cure of default, if any.

*Check one.*

| Debtor | John Vernon Hardie, Jr. | Case number | 21-10006 |
|---|---|---|---|

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

■ Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s). Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| Wesley C O'Neal | 1432 Hwy 27 N Bremen, GA 30110 Haralson County | $6,813.69 | 0.00% | $113.56 |

**§ 3.2    Request for valuation of security and modification of certain undersecured claims.**

■ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**§ 3.3    Secured claims to be paid in full.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

■ The claims listed below will be paid in full under the plan. Reasons for payment in full may include:

(1) were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(3) the value of the collateral exceeds the anticipated claim; or

(4) the claim listed shall be paid in full because the claim is cosigned; or

(5) the claim shall be paid in full because the debtor is not entitled to a discharge.
These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.

The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Debtor | John Vernon Hardie, Jr. | | | Case number | 21-10006 | |
|---|---|---|---|---|---|---|

| Name of Creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly preconfirmation adequate protection payment | Monthly postconfirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|
| BB&T | Savings: BB&T | | $347.21 | 0.00% | $0.00 | $34.72 |
| Harvest | 2008 Husqvarna FC 350 | 2018 | $3,200.00 | 6.75% | $100.00 | $62.99 |
| Lendmark | 2004 Ford F250 King Ranch | | $8,841.00 | 6.75% | $150.00 | $174.02 |
| Wilkes Finance | 2000 Ford F250 Xcab | 2018 | $7,732.61 | 6.75% | $150.00 | $152.20 |

§ 3.4   Lien avoidance.

*Check one.*

▪   **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

§ 3.5   Surrender of collateral.

*Check one.*

▪   **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

§ 3.6   Other Allowed Secured Claims.

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of **6.75** %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

## Part 4:   Treatment of Fees and Priority Claims

§ 4.1   General.

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

§ 4.2   Trustee's fees.

Trustee's fees are governed by statute and may change during the course of the case.

§ 4.3   Attorney's fees.

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $ **4,500.00**  . The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

| Debtor | John Vernon Hardie, Jr. | Case number | 21-10006 |
|---|---|---|---|

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fees Order up to the allowed amount set forth in § 4.3(a)

(d) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $ **265.00** per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fees Order until all allowed amounts are paid in full.

(e) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $ **2,500.00**, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $ **2,500.00**, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney

(g) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(h) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

### § 4.4   Priority claims other than attorney's fees.

☐   **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐   The debtor(s) has/have domestic support obligations as set forth below. The debtor(s) is/are required to pay all post-petition domestic support obligations directly to the holder of the claim.

| Name and address of creditor | Name and address of child support enforcement agency entitled to § 1302(d)(1) notice | Estimated amount of claim | Monthly plan payment |
|---|---|---|---|
| -NONE- | | $ | $ |

■ The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| Name of creditor | Estimated amount of claim |
|---|---|
| Haralson County Tax Commission | $1,800.00 |

### Part 5:   Treatment of Nonpriority Unsecured Claims

### § 5.1   Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ A pro rata portion of the larger of (1) the sum of $_____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

| Debtor | John Vernon Hardie, Jr. | Case number | 21-10006 |
|---|---|---|---|

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

■ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

■ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3  Other separately classified nonpriority unsecured claims.**

*Check one.*

■ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**§ 6.1  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

■ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**§ 7.1  Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).**

### Part 8: Nonstandard Plan Provisions

**§ 8.1  Check "None" or List Nonstandard Plan Provisions.**

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this N.D. Ga. Chapter 13 Plan Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3. (Insert additional lines if needed.)*

**Any net proceeds from Debtor's anticipated lawsuit will be paid to the Trustee for distribution to allowed unsecured claims.**

### Part 9: Signatures:

**§ 9.1  Signatures of Debtor(s) and Attorney for Debtor(s).**

The debtor(s) must sign the initial plan and, if not represented by an attorney, any modification of the plan, below. The attorney for the debtor(s), if any, must sign below.

X  /s/ John Vernon Hardie, Jr.                                X  _____
    John Vernon Hardie, Jr.                                         Signature of debtor 2 executed on

| Debtor | John Vernon Hardie, Jr. | | Case number | 21-10006 |

Signature of debtor 1 executed on **April 20, 2021**

**1432 Hwy 27 N**
**Bremen, GA 30110**
Address                City, State, ZIP code              Address                City, State, ZIP code

X  **/s/ John T. Dufour**                           Date: **April 20, 2021**
   **John T. Dufour**
   Signature of attorney for debtor(s)

**Van Pelt & Dufour Law Firm**                     **527 Newnan Street**
                                                    **Carrollton, GA 30117**
Firm                                                Address                City, State, ZIP code

By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.

## THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | | |
|---|---|---|
| **IN RE:** | * | **CASE # 21-10006-LRC** |
| **John Vernon Hardie, Jr.** | * | **Chapter 13** |
| **Debtor** | * | |

### CERTIFICATE OF SERVICE

I hereby certify that I have on this day electronically filed the foregoing Amended Chapter 13 Plan using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing Program:

- Melissa J. Davey:   cdsummary@13trusteeatlanta.com;
  cdbackup@13trusteeatlanta.com

I further certify that on this day I caused a copy of this document to be served via United States First Class Mail, with adequate postage on the following parties on the list attached hereto at the address shown for each.

This 20th day of April 2021

/s/
John T. Dufour
Attorney for Debtor

527 Newnan Street
Carrollton, Georgia 30117
(770) 832-0295
Georgia State Bar No. 232140

```
Label Matrix for local noticing          1st Franklin                              1st Franklin Financial Corporation
113E-3                                   P.O.Box 1095                              ATTN: Administrative Services
Case 21-10006-lrc                        Carrollton, GA 30112-0020                 P.O. Box 880
Northern District of Georgia                                                       Toccoa, GA 30577-0880
Newnan
Tue Apr 20 11:32:37 EDT 2021

AT&T                                     BB&T Now Truist                           Bremen Dental Depot
c/o Enhanced Recovery                    100-50-01-51                              c/o Capital Accounts
PO Box 57547                             PO Box 1847                               P.O. Box 140065
Jacksonville, FL 32241-7547              Wilson, NC 27894-1847                     Nashville, TN 37214-0065


Melissa J. Davey                         Dish Network                              John T. Dufour
Melissa J. Davey, Standing Ch 13 Trustee P.O.Box 105169                            Van Pelt & Dufour
Suite 200                                Atlanta, GA 30348-5169                    527 Newnan Street
260 Peachtree Street, NW                                                           Carrollton, GA 30117-3335
Atlanta, GA 30303-1236


Haralson County Tax Commission           John Vernon Hardie Jr.                    Harvest
PO Box 330                               1432 Hwy 27 N                             1776 Lincoln Street, Ste 900
Buchanan, GA 30113-0330                  Bremen, GA 30110-3416                     Denver, CO 80203-1026



Health Share Financial Direct            Independence Emergency Phys               Lendmark
2807 Dye Street                          c/o Radius                                664 W Bankhead Hwy
Pasco, WA 99301                          P.O.Box 1259                              Villa Rica, GA 30180-1600
                                         Oaks, PA 19456-1259


(p)LENDMARK FINANCIAL SERVICES           PRA Receivables Management, LLC           Quantum3 Group LLC as agent for CF Medical
2118 USHER ST                            PO Box 41021                              PO Box 788
COVINGTON GA 30014-2434                  Norfolk, VA 23541-1021                    Kirkland, WA 98083-0788



Synchrony Bank                           Verizon                                   Verizon Wireless
c/o PRA Receivables Management, LLC      by American InfoSource as agent           c/o Afni
PO Box 41021                             4515 N Santa Fe Ave                       P.O.Box 3517
Norfolk, VA 23541-1021                   Oklahoma City, OK 73118-7901              Bloomington, IL 61702-3517


Wesley C O'Neal                          Wesley C. O'Neil                          Wilkes Finance
c/o Jack Witcher                         James G. Baker, PC                        3070 Music Mill Rd.
P.O.Drawer 1330                          305 North Greenwood Street                Bremen, GA 30110-2547
Bremen, GA 30110-1330                    LaGrange GA 30240-2605



Wilkes Finance Corp
3070 Music Mill Rd
Bremen, GA 30110
Bremen, GA 30110-2547
```

                The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
                by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Lendmark Financial Services, LLC
2118 Usher Street
Covington, GA 30014

End of Label Matrix
Mailable recipients    24
Bypassed recipients     0
Total                  24